IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD HESS DENTAL LABORATORIES INCORPORATED and PHILIP GUTTIEREZ d/b/a Dentures Plus, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DENTSPLY INTERNATIONAL INC.,<br><br>Defendants. | C.A. No. 99-255-SLR |

**DEFENDANT DENTSPLY INTERNATIONAL INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT**

Of Counsel:

Brian M. Addison
DENTSPLY INTERNATIONAL INC.
Susquehannah Commerce Center
221 W. Philadelphia Street
York, PA 17405-0872
(717) 849-4363

Margaret M. Zwisler
Eric J. McCarthy
Charles R. Price
LATHAM & WATKINS LLP
555 Eleventh St., NW, Suite 1000
Washington, DC 20004-1304
(202) 637-2200

William D. Johnston. (No. 2123)
Christian Douglas Wright (No. 3554)
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6600
wjohnston@ycst.com
cwright@ycst.com

Counsel for Dentsply International Inc.

Date:  November 16, 2007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 2

COUNTER STATEMENT OF FACTS .................................................................................... 5

SUMMARY OF ARGUMENT .................................................................................................. 6

ARGUMENT ............................................................................................................................... 8

I.   THE COURT SHOULD GRANT SUMMARY JUDGMENT *SUA SPONTE* FOR DENTSPLY BASED ON PLAINTIFFS' FAILURE TO PUT FORWARD EVIDENCE THAT "ADDITIONAL INJUNCTIVE RELIEF IS WARRANTED" ................................................................................................. 8

    A.   *Sua Sponte* Summary Judgment Is Appropriate Where A Plaintiff Is Unable To Recover As A Matter Of Law ............................................................ 8

    B.   Plaintiffs Concede That *Sua Sponte* Summary Judgment Is Appropriate Because They Have No Further Evidence That Additional Injunctive Relief Is Warranted ............................................................ 9

II.  THE COURT SHOULD REJECT THE PLAINTIFFS' REQUEST TO SUPPLEMENT THE RECORD ................................................................................. 10

    A.   There Is No Need To Supplement The Record With Evidence That Was Before This Court Or The Third Circuit In The Government Litigation ............................................................................................................... 10

    B.   It Would Be Futile To Supplement The Record With The Requested DOJ Materials Because The Third Circuit Opinion Did Not Hold That The Hess Plaintiffs Paid Higher Prices As A Result Of Dentsply's Exclusive Dealing ............................................................................ 11

III. PLAINTIFFS MAY NOT SUPPLEMENT THE RECORD FOR APPEAL WITH EVIDENCE THAT WAS NOT PART OF THE RECORD IN THE DOJ CASE ............................................................................................................................ 12

CONCLUSION ......................................................................................................................... 14

## TABLE OF AUTHORITIES

### CASES

*Celotex Corp. v. Catrett*,
　477 U.S. 317 (1986)..................................................................................................8

*Gardner v. State Farm Fire & Cas. Co.*,
　No. 05-1055, 2007 U.S. Dist. LEXIS 42471 (W.D. Pa. 2007) ................................13

*Gibson v. Mayor & Council of Wilmington*,
　355 F.3d 215 (3d Cir. 2004) ....................................................................................8

*Haize v. Hanover Ins. Co.*,
　536 F.2d 576 (3d Cir. 1976) ..................................................................................11

*Hawksbill Sea Turtle v. Federal Emergency Mgmt. Agency*,
　126 F.3d 461 (3d Cir. 1997) ..................................................................................11

*Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*,
　424 F.3d 363 (3d Cir. 2005). ...................................................................................9

*Illinois Brick Co. v. Illinois*,
　431 U.S. 720 (1977)..................................................................................................3

*In re Weihs*,
　1 Fed. Appx. 578 (8th Cir. 2001)...............................................................10, 12-13

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
　458 F.3d 244 (3d Cir. 2006) ..................................................................................12

*Kennedy v. Whitehurst*,
　509 F. Supp. 226 (D.D.C. 1981)......................................................................... 8-10

*Ramsey v. Coughlin*,
　94 F.3d 71 (2d Cir. 1996).........................................................................................8

*United States v. Dentsply Int'l, Inc.*,
　126 S. Ct. 1023 (2006) .............................................................................................2

*United States v. Dentsply Int'l, Inc.*,
　277 F. Supp. 2d 387 (D. Del. 2003)....................................................................2, 5

*United States v. Dentsply Int'l, Inc.*,
 399 F.3d 181 (3d Cir. 2005) ............................................................................................passim

*United States v. Microsoft*,
 253 F.3d 34 (D.C. Cir. 2001) ................................................................................................12

Case 1:99-cv-00255-SLR    Document 283    Filed 11/16/2007    Page 4 of 20

DB01:2480565.1                                                                                                                              049169.1011

Defendant Dentsply International Inc. ("Dentsply") respectfully submits this brief in opposition to the motion of plaintiffs Jersey Dental Laboratories f/k/a Howard Hess Dental Laboratories, Inc. and Philip Guttierez d/b/a Dentures Plus ("Hess plaintiffs") to Supplement the Record and Requesting that the Court's Prior Order be Amended to Reflect Such Supplementation.

This Court's recent order, issued more than six years after its order dismissing the Hess plaintiffs' claim for damages, holds that the Hess plaintiffs are similarly unable to obtain injunctive relief as a matter of law. This holding makes clear that the Hess plaintiffs are unable to prevail in this case under any circumstances and, as a result, that Dentsply is entitled to *sua sponte* summary judgment and a final order dismissing this case with prejudice. The Court's recent order also correctly held that the Hess plaintiffs are not entitled to collateral estoppel because the Third Circuit did not find that Dealer Criterion 6 injured dental laboratories. In a footnote, the Court indicated that, if necessary, it would provide the parties with an opportunity to litigate the issues of injunctive relief and injury to the dental laboratories. Instead of waiting for instructions from the Court, the Hess plaintiffs mistakenly assumed that the Court's footnote was an invitation for the plaintiffs to introduce further evidence on the availability of collateral estoppel and filed the instant motion to supplement the summary judgment record.

The Hess plaintiffs' motion, however, fails to grasp the nature of collateral estoppel. The "record" for collateral estoppel is the record of the *prior* litigation – neither party may alter or "supplement" that record after the fact. Here, there is no need to supplement the record with materials from the government litigation because those materials are already part of the record for collateral estoppel purposes. Conversely,

plaintiffs may not supplement the record with materials that were not part of the government litigation. In addition, it would be futile to supplement the record with the requested materials that plaintiffs believe show that dental laboratories suffered injury in the form of higher prices because neither this Court nor the Third Circuit determined that Dentsply's conduct resulted in supracompetitive prices. Therefore, this Court should refuse to supplement the record or alter its recent opinion and, instead, should enter final judgment for Dentsply.

## NATURE AND STAGE OF THE PROCEEDINGS

*The Related Government Litigation.* On January 5, 1999, the DOJ filed a complaint against Dentsply in this Court. *United States v. Dentsply Int'l Inc.*, C.A. No. 99-005, ("*DOJ*") (*DOJ* D.I. 1). The DOJ alleged that Dentsply's exclusive dealing policy violated Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act. (*Id.*). After a four-week bench trial, this Court held that Dentsply's conduct did not violate Sections 1 or 2 of the Sherman Act or Section 3 of the Clayton Act. *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003). The DOJ appealed this Court's ruling on its Section 2 claim, and, on February 24, 2005, the Third Circuit reversed, holding that Dentsply's conduct violated Section 2 of the Sherman Act. *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181 (3d Cir. 2005). On September 14, 2005, Dentsply petitioned for writ of certiorari to the United States Supreme Court. The Supreme Court later denied Dentsply's request to review the Third Circuit's decision. *United States v. Dentsply Int'l, Inc.*, 126 S. Ct. 1023 (2006). On April 26, 2006, this Court entered Final Judgment in the government action. (*DOJ* D.I. 559).

2

*The Plaintiffs' Previous Litigation ("Hess" and "Jersey").*  Dentsply adopts by reference its summary of the proceedings that it included in its Opposition to Plaintiffs' Motion Requesting Certification of the Court's Order Dismissing Plaintiffs' Exclusive Dealing Claims, Pursuant to Rule 54(b) or 28 U.S.C. § 1292(b) in *Jersey Dental Labs., Inc. v. Dentsply Int'l Inc.*, Civ. No. 01-267-SLR ("*Jersey*"). (*Jersey* D.I. 323 at 2-5).

Almost eight years ago, then proceeding under the name "Howard Hess Dental Laboratories," plaintiffs challenged Dentsply's exclusive dealing policy as violative of the antitrust laws. *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, C.A. No. 99-255-SLR ("*Hess*"). (*Hess* D.I. 1). Hess's action was a tag-along case to the complaint filed by the DOJ. The Hess plaintiffs' complaint sought damages as well as injunctive relief. This Court granted Dentsply's motion for summary judgment on the ground that plaintiffs, as indirect purchasers of artificial teeth from Dentsply, lacked standing to bring their damages claim based on the rule established in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

Since that time, plaintiffs have filed three other complaints under a different name, lost several case dispositive and other motions before this Court, and were soundly defeated on almost all of their claims at the Third Circuit. Nevertheless, on October 23, 2006, the Hess plaintiffs attempted to revive their case by moving for summary judgment on the ground that the Third Circuit's decision in the government litigation collaterally estopped Dentsply from contesting the Hess plaintiffs' Section 2 claim for injunctive relief. (*Hess* D.I. 256).

3

On September 26, 2007, this Court denied the Hess plaintiffs' summary judgment motion for two alternative reasons. (*Hess* D.I. 271) ("Order"). First, the Court held that the Third Circuit's order in the government litigation did not collaterally estop Dentsply from contesting whether plaintiffs suffered antitrust injury because the parties did not litigate the issue of whether dental laboratories suffered antitrust injury as a result of Dealer Criterion 6. (Order at 15). Second, the Court denied the motion on the alternative basis that the Hess plaintiffs could not "demonstrate[] that they are entitled to additional injunctive relief" in light of the existing government injunction. (Order at 17).

In a footnote, the Court stated that "it is unclear to the court whether plaintiffs have, but did not put forward, evidence sufficient to demonstrate antitrust injury and that additional injunctive relief is warranted." (*Id*. at 17 n.12). The Court then stated that it "will provide a mechanism for the parties to address these issues." (*Id*.).

On October 30, 2007, this Court approved the parties' stipulation dismissing with prejudice all claims in *Hess* other than Count II ("Monopolization in Violation of Section 2 of the Sherman Act"). (*Hess* D.I. 273). That same day, the Hess plaintiffs filed a Motion to Supplement the Record and Requesting that the Court's Prior Order be Amended to Reflect Such Supplementation, and Brief in Support, ostensibly in response to footnote 12 of the Court's opinion. (*Hess* D.I. 274, 275). The motion requests that the Court supplement the record and amend its September 26, 2007 Order to include "evidence" from five sources: (1) the report of the Hess plaintiffs' expert, Dr. Hartman ("Hartman report"); (2) the report of the Government's expert, Dr. Reitman ("Reitman report"); (3) testimony by Dr. Reitman during the government trial ("Reitman testimony"); (4) testimony by Dentsply's expert, Dr. Marvel, during the government trial

4

("Marvel testimony"); and (5) testimony by a Dentsply employee, William B. Turner, during the government trial ("Turner testimony"). (Pls.' Br. at 8-12).

Dentsply hereby submits this brief in opposition to plaintiffs' motion to supplement the record.

## COUNTER STATEMENT OF FACTS

1. In the related government action, this Court entered the Final Judgment on April 26, 2006. (*DOJ* D.I. 559). The Final Judgment took effect on May 26, 2006.

2. The Final Judgment required Dentsply to, *inter alia*, "cease requiring its dealers to be exclusive Dentsply dealers and to remove Dealer Criterion 6 from its list of dealer requirements." (Order at 5).

3. The Hess plaintiffs seek "essentially the same" injunctive relief as the relief set forth in the government injunction. (Order at 16).

4. In the related government action, the Third Circuit did not address the issue of whether dental laboratories suffered injury as a result of Dentsply's conduct. *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181 (3d Cir. 2005). This Court did not decide that issue either. *United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003).

5. Rather, the Third Circuit found that Dentsply's Criterion 6 violated Section 2 of the Sherman Act. *Dentsply*, 399 F.3d at 196.

6. The Hartman report was not before this Court or the Third Circuit in the related government action. Thus, the Hartman report is not part of the record in the government action.

7. The Reitman report was before this Court in the related government action. (*DOJ* D.I. 214). Thus, the Reitman report is part of the record in the government action.

8. The Reitman testimony occurred before this Court and was before the Third Circuit in the related government action. (Tr. Pages 1446-1698; J.A. Pages A1233-A1485) (Tr. Pages 3880-3985; J.A. Pages A3152-A3257). Thus, the Reitman testimony is part of the record in the government action.

9. The Marvel testimony occurred before this Court and was before the Third Circuit in the related government action. (Tr. Pages 3524-3659; J.A. Pages A2851-A2986). Thus, the Marvel testimony is part of the record in the government action.

10. The Turner testimony occurred before this Court and was before the Third Circuit in the related government action. (Tr. Pages 400-404; J.A. Pages A434-A437) (Tr. Pages 453-458; J.A. Pages 442-447). Thus, the Turner testimony is part of the record in the government action.

## SUMMARY OF ARGUMENT

The Hess plaintiffs concede that they have not put forth "any additional evidence relevant to" the Court's holding that the plaintiffs may not obtain injunctive relief. (Pls.' Br. at 7). Further, the plaintiffs have represented that they do not have other evidence relevant to that issue. (Pls.' Br. at 13). As a result, it is clear that the Hess plaintiffs are precluded from obtaining relief in this action and, therefore, the Court should enter summary judgment *sua sponte* for Dentsply.

The Court should also reject the Hess plaintiffs' request to supplement the record as unnecessary, futile and inappropriate. The plaintiffs' motion requests that the Court supplement the summary judgment record for appeal with five items that the plaintiffs believe show that they paid higher prices on account of Dealer Criterion 6. As plaintiffs concede, their summary judgment motion "was based entirely" on their view that the Third Circuit's decision in the government action entitles plaintiffs to collateral estoppel. Thus, the relevant record for collateral estoppel is the record of the government litigation. Four of the five items are part of the record of the government litigation. As a result, there is no need to "supplement the record" with those items. Further, neither this Court nor the Third Circuit found that Dealer Criterion resulted in higher prices for dealers, much less higher prices to dental laboratories. The only issue before the Third Circuit was whether Dentsply maintained an unlawful monopoly in violation of Section 2 of the Sherman Act by enforcing Criterion 6. The Third Circuit had no reason to consider and did not address whether a class of private plaintiffs that was not a party to that litigation suffered antitrust injury in the form of higher prices. Because the issue of higher prices to dental laboratories was not determined by or essential to the judgment in the government action, plaintiffs' requested supplementation is futile and should be rejected.

Finally, the fifth item with which plaintiffs seek to supplement the record is a report from their own expert, Dr. Hartman. However, the Hartman report was not before this Court or the Third Circuit in the government litigation. Because this report is not part of the record of the government litigation, it is irrelevant to the issue of collateral estoppel and should not be part of the summary judgment record for appeal.

# ARGUMENT

I. **THE COURT SHOULD GRANT SUMMARY JUDGMENT *SUA SPONTE* FOR DENTSPLY BASED ON PLAINTIFFS' FAILURE TO PUT FORWARD EVIDENCE THAT "ADDITIONAL INJUNCTIVE RELIEF IS WARRANTED"**

   A. ***Sua Sponte* Summary Judgment Is Appropriate Where A Plaintiff Is Unable To Recover As A Matter Of Law**

"It has long been established that, under the right circumstances, district courts are entitled to enter summary judgment *sua sponte*." *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 222 (3d Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). It is proper for a district court to enter summary judgment *sua sponte* if, after providing the losing party an opportunity to submit evidence in opposition, the record shows "that no material dispute of fact exists and that the other party is entitled to judgment as a matter of law." *Id.* at 224 (quoting *Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir. 1996)); *see also Kennedy v. Whitehurst*, 509 F. Supp. 226 (D.D.C. 1981).

In *Kennedy*, the court denied the plaintiff's motion for summary judgment on her claim for attorney's fees based on its finding that attorney's fees "are not available to the plaintiff" as a matter of law. *Id.* at 231. In addition, the court stated that "[s]ince attorney's fees are all that plaintiff is requesting and are all that plaintiff could request . . . it is apparent that plaintiff cannot prevail in this action under any circumstances." *Id.* at 232. As a result, the court granted summary judgment *sua sponte* for the defendant based on its holding that "both parties have addressed the controlling legal issue" and "[n]o further refinement of the factual record or legal arguments could serve to alter the Court's conclusion that plaintiff is not entitled to prevail on this complaint." *Id.*

An identical situation exists here. The Hess plaintiffs' complaint requests damages and injunctive relief. The Third Circuit affirmed this Court's holding that the Hess plaintiffs lack standing to recover damages from Dentsply. *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 424 F.3d 363, 384 (3d Cir. 2005). Following full briefing from the parties on the issue of injunctive relief, this Court held that the Hess plaintiffs are also precluded from obtaining such relief as a matter of law. (Order at 16-17). Thus, "both parties have addressed the controlling legal issue" and "[n]o further refinement of the factual record or legal arguments could serve to alter the Court's conclusion that plaintiff is not entitled to prevail on this complaint." *Kennedy*, 509 F. Supp. at 232.

### B. Plaintiffs Concede That *Sua Sponte* Summary Judgment Is Appropriate Because They Have No Further Evidence That Additional Injunctive Relief Is Warranted

The Court indicated in footnote 12 that it would provide plaintiffs with the opportunity to "put forward [] evidence sufficient to demonstrate . . . that additional injunctive relief is warranted (notwithstanding the presence of the government's injunction)." (Order at 17 n.12). In response, plaintiffs filed the instant motion wherein they state that they "are not submitting any additional evidence relevant to the" availability of additional injunctive relief. (Pls.' Br. at 7). Further, the plaintiffs "represent that they have no other evidence responsive to the question in footnote 12 that they can submit." (Pls.' Br. at 13).

As a result, no material facts remain in dispute that the Hess plaintiffs lack standing to obtain injunctive relief and "this is a case where no useful purpose would be served by delaying the entry of summary judgment for defendant." *Kennedy*, 509 F.

9

Supp. at 232. Thus, as plaintiffs conceded in their Motion Requesting Certification in *Jersey*, "it is reasonable to expect that . . . an amended Order will dismiss Plaintiffs' claims in Hess." (D.I. 319 at 14 n.8). Dentsply agrees, and requests that the Court enter summary judgment *sua sponte* in favor of Dentsply.

## II. THE COURT SHOULD REJECT THE PLAINTIFFS' REQUEST TO SUPPLEMENT THE RECORD

### A. There Is No Need To Supplement The Record With Evidence That Was Before This Court Or The Third Circuit In The Government Litigation

To determine whether collateral estoppel is appropriate, "a court should examine the *entire record* of [the] earlier proceeding." *In re Weihs*, 1 Fed. Appx. 578, 579 (8th Cir. 2001) (emphasis added). The Hess plaintiffs seek to supplement the record with four items from the government litigation: (1) the expert report of Dr. Reitman; (2) the trial testimony of Dr. Reitman; (3) the trial testimony of Dr. Marvel; and (4) the trial testimony of William Turner. The DOJ filed Dr. Reitman's report with this court in the government litigation. (*DOJ* D.I. 214). The testimony by Dr. Reitman, Dr. Marvel and Mr. Turner occurred before this court in the government litigation and was included in the Joint Appendix submitted to the Third Circuit by Dentsply and the DOJ. As a result, these materials are already part of the record for purposes of collateral estoppel. Accordingly, there is no need to supplement the record and the Court should reject the plaintiffs' request.

10

### B. It Would Be Futile To Supplement The Record With The Requested DOJ Materials Because The Third Circuit Opinion Did Not Hold That The Hess Plaintiffs Paid Higher Prices As A Result Of Dentsply's Exclusive Dealing

As the party seeking collateral estoppel, the Hess plaintiffs bear the burden of establishing that (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the issue was determined by valid and final judgment; and (4) the determination of that issue was essential to the prior judgment. *Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir. 1976) (reversing summary judgment in defendants' favor because the issue of whether the insured had intentionally set a fire was never litigated). "[W]hen any one of these factors goes unsatisfied, then the application of collateral estoppel is inappropriate." *Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 475 (3d Cir. 1997).

The DOJ materials included in the plaintiffs' current motion indicate that the plaintiffs intend to argue that the Third Circuit held that "Dentsply's exclusive dealing raised the prices of artificial teeth to dental laboratories." (Pls.' Br. at 9). This argument is completely baseless. The Third Circuit's discussion of anti-competitive effects does not discuss pricing at all. Although the Third Circuit held that Criterion 6 caused anticompetitive effects, it did not find that one such anticompetitive effect was that dental laboratories paid increased prices. To the contrary, the Third Circuit's discussion of "pricing" was actually contained in its earlier "market power" analysis, not in its discussion of "anticompetitive effects." *Dentsply*, 399 F.3d at 190-91. Moreover, the "anticompetitive effects" discussion focused exclusively on the effect of Dentsply's alleged pricing power on dealers and Dentsply's competitors. *See id.* (observing testimony of "suspect pricing," that "Dentsply had a reputation for aggressive price

11

increases," and that "Dentsply did not reduce its prices when competitors elected not to follow its increases").

The Third Circuit made *no finding* that dental laboratories paid higher prices because of Dentsply's conduct, let alone suffered an injury. In fact, the Court refused to find that Dealer Criterion 6 resulted in supracompetitive prices. *Id*. at 191 (stating that "if monopoly power has been acquired or maintained through improper means, the fact that the power *has not been used to extract [a monopoly price]* provides no succor to the monopolist." (emphasis added) (quoting *United States v. Microsoft*, 253 F.3d 34, 57 (D.C. Cir. 2001)).

Clearly, the question of whether Dealer Criterion 6 resulted in supracompetitive prices to dental laboratories was not "determined by a valid and final judgment" and was not "essential to the prior judgment," which determined that Dentsply violated Sherman Section 2. *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 255 (3d Cir. 2006) (holding that finding must be "necessary" to the judgment to be essential). Therefore, it would be futile to supplement the record for the plaintiffs' stated purpose with the materials from the government litigation, and the Court should reject the plaintiffs' request.

### III. PLAINTIFFS MAY NOT SUPPLEMENT THE RECORD FOR APPEAL WITH EVIDENCE THAT WAS NOT PART OF THE RECORD IN THE DOJ CASE

The plaintiffs concede in their motion that their collateral estoppel argument "*was based entirely* . . . on the Third Circuit's decision in *United States v. Dentsply*." (Pls.' Br. at 4). A court examines the "record of [the] earlier proceeding" to determine whether

12

collateral estoppel is appropriate. *In re Weihs*, 1 Fed. Appx. at 579 (emphasis added). Thus, any evidence that was not part of the prior proceeding is irrelevant to the issue of collateral estoppel.

The plaintiffs request that the Court supplement the record with an expert report from their own expert, Dr. Hartman. Dr. Hartman's report is not part of the record of the government litigation. Thus, the report is irrelevant to the issue of collateral estoppel and the Court should refuse to supplement the record with the Hartman report.

Instead, if the plaintiffs wish to attempt to establish that dental laboratories paid supracompetitive prices on account of Dealer Criterion 6, they must litigate this issue. Because this question was not decided in prior proceedings, Dentsply would be entitled to introduce competing evidence, to rebut the plaintiffs' evidence, and to cross-examine the plaintiffs' witnesses, including Dr. Hartman. *See, e.g., Gardner v. State Farm Fire & Cas. Co.*, No. 05-1055, 2007 U.S. Dist. LEXIS 42471, *17 n.4 (W.D. Pa. 2007) (holding that where an issue has not been adjudicated in a prior proceeding, collateral estoppel does not preclude the defendant from subsequently contesting and litigating that issue). But, since the Court has determined that, even if the plaintiffs showed injury, they would not be entitled to an injunction broader than the government's, such an exercise would be futile. That is why *sua sponte* summary judgment is appropriate.

## CONCLUSION

For the foregoing reasons, Dentsply requests that this Court deny plaintiffs' motion to supplement the record.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Of Counsel: | Margaret M. Zwisler<br>Eric J. McCarthy |
| Brian M. Addison<br>DENTSPLY INTERNATIONAL INC.<br>Susquehannah Commerce Center<br>221 W. Philadelphia Street<br>York, PA 17405-0872<br>(717) 849-4363 | Charles R. Price<br>LATHAM & WATKINS LLP<br>555 Eleventh St., NW, Suite 1000<br>Washington, DC 20004-1304<br>(202) 637-2200 |
|  | /s/ Christian Douglas Wright<br>William D. Johnston. (No. 2123)<br>Christian Douglas Wright (No. 3554)<br>YOUNG CONAWAY STARGATT<br>   & TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391<br>(302) 571-6600<br>wjohnston@ycst.com<br>cwright@ycst.com |
|  | Counsel for Dentsply International Inc. |
|  | Date:  November 16, 2007 |

## **CERTIFICATE OF SERVICE**

I, Christian Douglas Wright, Esquire, hereby certify that on November 16, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Robert J. Kriner, Jr., Esquire
>Pamela S. Tikellis, Esquire
>A. Zachary Naylor, Esquire
>Scott M. Tucker, Esquire
>Chimicles & Tikellis LLP
>One Rodney Square
>PO Box 1035
>Wilmington, DE 19899
>robertkriner@chimicles.com

I further certify that on November 16, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following as indicated:

**By First-Class U.S. Mail and Electronic Mail:**

Richard T. Joffe, Esquire
LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue
New York, New York  10017-5563
rjoffe@labaton.com

**By Electronic Mail:**

Natalie S. Marcus, Esquire
LABATON SUCHAROW &
RUDOFF LLP
100 Park Avenue
New York, New York  10017-5563
nmarcus@labaton.com

2

                                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                /s/ Christian Douglas Wright
                                Christian Douglas Wright (No. 3554)
                                The Brandywine Building
                                1000 West Street, 17th Floor
                                Wilmington, DE 19899-0391
                                (302) 571-6600
                                cwright@ycst.com
                                Counsel for Defendant
                                DENTSPLY INTERNATIONAL, INC.