IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
HOWARD HESS DENTAL LABORATORIES :
INCORPORATED and PHILIP GUTTIEREZ d/b/a :
DENTURES PLUS, on behalf of themselves and all others :
similarly situated, :
:
      Plaintiffs, :    C.A. No. 99-255 (SLR)
:
  -against- :
:
DENTSPLY INTERNATIONAL, INC., :
:
      Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO
SUPPLEMENT THE RECORD AND REQUESTING THAT THE COURT'S PRIOR
ORDER BE AMENDED TO REFLECT SUCH SUPPLEMENTATION**

Pamela S. Tikellis (No. 2172)
Robert J. Kriner, Jr. (No. 2546)
Scott M. Tucker (No. 4925)
CHIMICLES & TIKELLIS LLP
One Rodney Square
P.O. Box 1035
Wilmington Delaware 19801
(302) 656-2500

Thomas A. Dubbs
Richard T. Joffe
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
(212) 907-0700

November 30, 2007

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.  PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD SHOULD BE GRANTED ................................................................................................................ 2

   A.  Summary Judgment Cannot Be Granted to Dentsply *Sua Sponte* without *Also* Granting Plaintiffs' Motion to Supplement the Summary Judgment Record ........................................................................................................... 3

      1.  Summary Judgment May Not Be Granted *Sua Sponte* without *Also* Allowing the Losing Party to Supplement the Record ............................... 3

      2.  The Prohibition on Granting Summary Judgment *Sua Sponte* without *Also* Allowing the Losing Party to Supplement the Record Extends to Cases in which the Losing Party Previously Made and Lost its Own Motion for Summary Judgment ........................................... 4

   B.  Plaintiffs May Supplement the Record with *Any* Evidence that they Have that May Raise a Fact Issue Regarding Whether They Suffered Antitrust Injury ................................................................................................................ 6

      1.  Plaintiffs May Supplement the Record with Evidence that was *Not* Part of the Record in the Government's Case ............................................ 6

      2.  Plaintiffs *also* May Supplement the Record with Evidence that *was* Part of the Record in the Government's Case ............................................ 8

II. DENTSPLY IS *NOT* ENTITLED TO NOW DEPOSE PLAINTIFFS' EXPERT ........... 10

   A.  Dentsply Has Failed to Meet the Requirements of Rule 56(f) .............................. 10

   B.  Dentsply has had Adequate Opportunity to Supplement the Record with its Own Expert Testimony ........................................................................................ 11

CONCLUSION ....................................................................................................................... 13

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Barr Labs., Inc. v. Abbott Labs*,
   No. 87-4764 (AET), 1991 WL 259788 (D.N.J. Dec. 2, 1991),
   *aff'd*, 978 F.2d 98 (3d Cir. 1992)..................................................................................5, 6

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).............................................................................................................7

*Chambers Dev. Co. v. Passaic County Util. Auth.*,
   62 F.3d 582 (3d Cir. 1995)...................................................................................................4

*City of Rome v. Glanton*,
   958 F. Supp. 1026 (E.D. Pa.), *aff'd,* 133 F.3d 909 (3d Cir. 1997) .....................................11

*DL Res. Inc v. First Energy Solutions Corp.*,
   No. 05-1855, 2007 WL 2993114 (3d Cir. Oct. 16, 2007)............................................4, 5, 6

*Gardner v. State Farm Fire & Cas. Co.*,
   No. 05-1055, 2007 U.S. Dist. LEXIS 42471 (W.D. Pa. June 12, 2007)............................12

*Gibson v. Mayor & Council of Wilmington*,
   355 F.3d 215 (3d Cir. 2004)............................................................................................4, 5

*Ginter v Swedish Match, AB*,
   755 F. Supp. 545 (E.D.N.Y. 1991) ....................................................................................10

*Jean Alexander Cosmetics, Inc. v L'Oreal USA, Inc.*,
   458 F.3d 244 (3d Cir. 2006)
   *Cert denied*, 127 S.Ct. 1878 (2007) ..................................................................................10

*Kennedy v. Whitehurst*,
   509 F. Supp. 226 (D.D.C. 1981) .........................................................................................5

*Kutner Buick, Inc. v. Am. Motors Corp.*,
   868 F.2d 614 (3d Cir. 1989)............................................................................................2, 7

*Nat'l R.R. Passenger Corp. v. New Castle County*,
   636 F. Supp. 1482 (D. Del. 1986) .......................................................................................3

*Otis Elevator Co. v. George Washington Hotel Corp.*,
   27 F.3d 903 (3d Cir. 1994)..................................................................................................4

*Ramsey v. Coghlin*,
   94 F.3d 71 (2d Cir. 1996)..................................................................................................4, 7

*United States v. Dentsply Int'l, Inc.*,
   No. 99-005, 2001 WL 624807 (D. Del. Mar. 30, 2001),
   *aff'd,* 424 F.3d 363 (3d Cir. 2005)
   *cert denied,* 126 S. Ct. 2320 (2006) ......................................................................................11

*United States v. Jerry*,
   487 F.2d 600 (3d Cir. 1973)....................................................................................................3

*Washington v. Res. Trust Corp.*,
   487 F.2d 600 (3d Cir. 1973)..................................................................................................10

**STATUTES**

Fed. R. Civ. P. 56(c) ....................................................................................................................11

Fed. R. Civ. P. 56(f) ...............................................................................................................11, 12

Fed. R. Civ. P. 54(b) ......................................................................................................................3

**OTHER AUTHORITY**

10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2720
   (3d ed. 1998) ........................................................................................................................2, 7

11 James Wm. Moore et al., *Moore's Federal Practice*, § 56.10
   (3d ed. 2007) ......................................................................................................................10, 12

## **INTRODUCTION**

Plaintiffs argued in their Opening Brief that granting their motion to supplement the record, and to amend the Order[1] to reflect any effect of such supplementation, will render the Order ripe for appeal, and, thereby, advance the ultimate termination of this litigation.

In its opposition to Plaintiffs' motion, Dentsply argues that it should be granted summary judgment *sua sponte*.

Although Dentsply no doubt intended otherwise, its argument that the Court should grant it summary judgment, *sua sponte*, actually **supports** Plaintiffs' motion to supplement the record, because, as demonstrated, *infra*, summary judgment may not be granted to Dentsply, *sua sponte*, without **also** granting Plaintiffs an opportunity to supplement the record.

Dentsply's only attempt to argue that Plaintiffs should not be permitted to supplement the record is a bizarre and meritless argument that, according to Dentsply, Plaintiffs must not be allowed to supplement the record with any evidence **other than** such evidence as would change the Court's determination of Plaintiffs' own, previous, motion for summary judgment—which was based entirely on the unsuccessful theory that Dentsply is collaterally estopped from contesting its liability.

In other words, Dentsply's only argument in opposition to Plaintiffs being permitted to supplement the record is that, according to Dentsply, Plaintiffs, in now defending themselves against a *sua sponte* grant of summary judgment to Dentsply, must be **limited** to arguing the **same theory** that they argued when Plaintiffs made their own motion requesting that summary judgment be granted to Plaintiffs.

Dentsply cites absolutely **no** authority for its bizarre argument.

---

[1] "Order" refers to both D.I. 271 and D.I. 272. Page numbers in citations to the Order refer to page numbers in D.I. 271.

Moreover, Dentsply's position is contrary to the well established rule that, "whenever the court believes that the nonmoving party is entitled to judgment, **great care must be exercised** to assure that **the original movant** has had an adequate opportunity to show that there is a genuine issue and that the opponent is not entitled to judgment as a matter of law." 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2720 (3d ed. 1998) (emphasis added).

Here, the Court has held that, as part of Plaintiffs' case, Plaintiffs must prove that they suffered antitrust injury. Therefore, in opposition to any *sua sponte* grant of summary judgment to Dentsply, Plaintiffs must be allowed to supplement the record with any and all evidence that they have that can raise a question of fact regarding whether Plaintiffs suffered antitrust injury.

As demonstrated in Plaintiffs' Opening Brief, the evidence that Plaintiffs request be added to the record is highly relevant to the issue of whether Dentsply's unlawful conduct raised the price of artificial teeth, and thereby caused antitrust injury to Plaintiffs.

Therefore, Plaintiffs' motion to supplement the record with this evidence should be granted.

## ARGUMENT

### I.

### PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD SHOULD BE GRANTED

The Order denying Plaintiffs' request for Summary Judgment is not, without more, a final judgment, because, although the Order denies summary judgment to Plaintiffs, it does not go so far as to grant summary judgment to Defendants. As the Third Circuit held in *Kutner Buick, Inc. v. Am. Motors Corp.*, 868 F.2d 614, 619 (3d Cir. 1989):

> The denial of a motion for summary judgment is an interlocutory ruling which establishes no more than that on the summary judgment record there are fact issues which should be submitted to the trier of fact.

Indeed, "[s]ince the record at a trial may be different, such a preliminary ruling does not [even] determine what issues should be submitted to the jury." *Id.*

However, the Order can be made a final judgment, if it is amended to grant summary judgment to one of the parties. *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) (district court "possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so"); *Nat'l R.R. Passenger Corp. v. New Castle County*, 636 F. Supp. 1482, 1487 (D. Del. 1986) (motion to amend "is properly cognizable under Rule 54(b)," because, pursuant to that rule, an interlocutory order "*is subject to revision* at any time *before the entry of judgment adjudicating all the claims*") (quoting Rule 54(b)) (emphasis in *Nat'l R.R. Passenger Corp.*).

A. **Summary Judgment Cannot Be Granted to Dentsply *Sua Sponte* without *Also* Granting Plaintiffs' Motion to Supplement the Summary Judgment Record**

In their opposition to Plaintiffs' motion to supplement the record, Dentsply argues that, without more, the Court should grant summary judgment to Dentsply *sua sponte*. D.I. 283 at 1 & 10 (arguing "Dentsply is entitled to *sua sponte* summary judgment and a final order dismissing this case with prejudice," and stating that "Dentsply requests that the Court enter summary judgment *sua sponte* in favor of Dentsply").

However, as demonstrated *infra*, summary judgment **cannot** be granted to Dentsply *sua sponte*—whether by amending the Order or by issuing a new order—unless Plaintiffs are first permitted, as requested by this motion, to supplement the record.

1. **Summary Judgment May Not Be Granted *Sua Sponte* without *Also* Allowing the Losing Party to Supplement the Record**

Dentsply concedes that a court may not grant summary judgment *sua sponte*, without first "providing the losing party an opportunity to submit evidence in opposition." D.I. 283 (Dentsply's opposition brief) at 8.

3

> **2.    The Prohibition on Granting Summary Judgment *Sua Sponte* without *Also* Allowing the Losing Party to Supplement the Record Extends to Cases in which the Losing Party Previously Made and Lost its Own Motion for Summary Judgment**

Moreover, the prohibition on granting summary judgment *sua sponte*, without first providing the losing party with an opportunity to submit evidence in **opposition**, includes when—as would be the case here if summary judgment were granted to Dentsply *sua sponte*—the losing party already has made, and lost, its own motion for summary judgment. *DL Resources, Inc. v. Firstenergy Solutions Corp.*, – F.3d – , No. 05-1855, 2007 WL 2993114, at *11-12, (3d Cir. Oct. 16, 2007) (vacating *sua sponte* grant of summary judgment to non-moving party, because moving party was not given new opportunity to submit evidence, this time, in opposition to the *sua sponte* grant); *Chambers Dev. Co. v. Passaic County Util. Auth.*, 62 F.3d 582, 583-84, 584 n.5, 589 (3d Cir. 1995) (same); *Otis Elevator Co. v. George Washington Hotel Corp.*, 27 F.3d 903, 910-11 (3d Cir. 1994) (same); *Ramsey v. Coghlin*, 94 F.3d 71, 74 (2d Cir. 1996) (case cited by Dentsply; D.I. 283 at 8) (same).[2]

Dentsply has been able to cite just one exceptional case from this circuit—and just one old case from another circuit—in which summary judgment was granted, *sua sponte*, to the non-moving party, without first giving the moving party an opportunity to supplement the record. These two cases cited by Dentsply have **no** relevance here, because, among other reasons, in each of Dentsply's two cases, **unlike here**, summary judgment was granted **solely** based on the answer to a question of **law**. In *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215 (3d

---

[2] In *DL Resources*, both parties made cross motions for summary judgment, but the plaintiff did not move on certain counts, yet the court granted summary judgment on those counts to the plaintiff, *sua sponte*. 2007 WL 2993114, at *2. In the other three cases cited, *supra*, *Chambers Dev. Co.*, *Otis Elevator Co.* and *Ramsey*, only one party moved for summary judgment, and summary judgment was granted, *sua sponte*, to the non-moving party. In all four cases, the *sua sponte* grant of summary judgment was vacated, because the moving party had not been given an opportunity to supplement the record in opposition to the grant.

Cir. 2004), summary judgment was granted solely based on the answer to "a question of law," *id.* at 224, namely, whether a municipal regulation was "unconstitutionally vague" and "overly broad," *id*. at 221, 225-26.  Similarly, in *Kennedy v. Whitehurst*, 509 F. Supp. 226 (D.D.C. 1981), summary judgment was granted solely based on the interpretation of a statute.  *Id.* at 228 ("[t]he narrow question presented by this case is whether the [statutory] sections quote above authorize the Court to make an award of attorney's fees to an ADEA plaintiff for services performed at the administrative level when the underlying claim was settled without resort to the district court").

Indeed, the Third Circuit has specifically distinguished *Gibson*, and explained that summary judgment was granted *sua sponte* in *Gibson*, without first giving the losing party an opportunity to submit opposing evidence, **only because** *Gibson* "met[ ] the following three conditions:  (1) the point at issue is purely legal; (2) the record was fully developed[;] and (3) the failure to give notice does not prejudice the [losing] party."  *DL Resources, Inc.*, 2007 WL 2993114, at *11-12 (vacating *sua sponte* grant of summary judgment to non-moving party, because moving party was not given a new opportunity to submit evidence, this time, in opposition to the *sua sponte* grant).

Here, by contrast to *Gibson*, the Order specifically holds that the issue regarding which Plaintiffs request to supplement the record—whether they suffered an antitrust injury—is factual, not legal.  Order at 15 ("[t]he court declines to infer that a 'finding of anticompetitve effects necessarily implies a finding that consumers [here, the dental laboratories] have been hurt'"); *see Barr Labs., Inc. v. Abbott Labs*, No. 87-4764(AET), 1991 WL 259788, at *4 (D.N.J. Dec. 2, 1991) (where defendant moved for summary judgment on exclusive dealing claims under the

5

Sherman Act, "Court's task, therefore, is to determine whether there is a genuine issue of fact with respect to a potential anticompetitive effect"), *aff'd*, 978 F.2d 98 (3d Cir. 1992).

Moreover, here, also by contrast to *Gibson*, without the evidence that Plaintiffs request to submit, the record will **not** be fully developed and Plaintiffs **will be** prejudiced, because, in the interest of simplifying a complex case, Plaintiffs made their own motion for summary judgment based only on the ground of collateral estoppel, and, on their own motion, did not attempt to marshal all of the evidence favorable to them. *See DL Resources*, 2007 WL 2993114, at *12 (where moving party reasonably believed that it could obtain summary judgment without marshalling all of its evidence, it was prejudicial for court to grant summary judgment to the non-moving party *sua sponte*, without giving the moving party an opportunity to supplement the record).

B. **Plaintiffs May Supplement the Record with *Any* Evidence that they Have that May Raise a Fact Issue Regarding Whether They Suffered Antitrust Injury**

    1. **Plaintiffs May Supplement the Record with Evidence that was *Not* Part of the Record in the Government's Case**

Dentsply argues that, in now defending themselves against a *sua sponte* grant of summary judgment to Dentsply in *Hess*, Plaintiffs must be limited to arguing the same theory that they argued in their own motion for summary judgment—*i.e.*, that Dentsply is collaterally estopped by the result in the Government's case from contesting its liability in *Hess*—and that, therefore, Plaintiffs must not be allowed to submit any evidence—such as the report of Plaintiffs' expert—that was not part of the record in the Government's case against Dentsply. D.I. 283 at 12-13.

Dentsply is wrong.

6

First, Dentsply cites absolutely **no** authority for its bizarre argument that in defending against a grant of summary judgment to Dentsply, Plaintiffs must be limited to the theory on which they grounded their own, prior, motion requesting a grant of summary judgment to themselves.

Second, as a matter of logic, when summary judgment is granted, *sua sponte*, in favor of a non-moving party, the moving party cannot, without more, be limited to the prior ground on which it moved for a grant of summary judgment to itself, because the standard for **defeating** summary judgment is different from the standard for **obtaining** summary judgment.

In other words, even where a moving party may not be able to show that it is entitled to summary judgment as a matter of law, it still may be able to show, based on additional evidence, that issues of fact prevent the **non-moving** party from being granted summary judgment as a matter of law. *See Kutner Buick*, 868 F.2d at 619 ("record at trial may be different" from record on motion for summary judgment that was denied).

For this reason, "whenever the court believes that the nonmoving party is entitled to judgment, **great care must be exercised** to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that the opponent is not entitled to judgment as a matter of law." 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2720 (emphasis added); *see Ramsey*, 94 F.3d at 74 (case cited by Dentsply; D.I. 283 at 8) (vacating *sua sponte* grant of summary judgment to the non-moving party, because, before making such a grant, the court must be able to assure itself that "**all** of the evidentiary materials that a party might submit in **response** to a motion for summary judgment are before the court") (emphasis added); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("district courts are widely

7

acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that she had to come forward with **all** of her evidence") (emphasis added).

Here, the Court has held that Plaintiffs must prove that they suffered antitrust injury, as an element of their claim.  Order at 16 ("the fact that plaintiffs seek only injunctive relief rather than damages does not alter plaintiffs' obligation to establish its antitrust injuries"); *see id.* at 15 (implying that, if Plaintiffs could prove that Dentsply's unlawful conduct resulted in raising the prices of artificial teeth sold to dental laboratories, that would be proof that Plaintiffs suffered an antitrust injury).

Moreover, the Order expressly raises the question whether Plaintiffs have evidence that they did not put forward "sufficient to demonstrate antitrust injury and that additional injunctive relief is warranted."  Order at 17.

As demonstrated in Plaintiffs' Opening Brief, the evidence that Plaintiffs have submitted for the purpose of supplementing the record is highly relevant to the issue of whether Dentsply's unlawful conduct raised the price of artificial teeth, and thereby caused antitrust injury to Plaintiffs.  *See* D.I. 275 at 8-12.

Thus, the evidence with which Plaintiffs request to supplement the record raises a fact issue regarding an element that the Court has held crucial to their claim.  Therefore, Plaintiffs' motion to supplement the record with this evidence should be granted.

    **2.**    **Plaintiffs *also* May Supplement the Record with Evidence that *was* Part of the Record in the Government's Case**

Despite arguing—erroneously—that Plaintiffs must not be allowed to supplement the record with evidence that was not part of the record in the Government's case against Dentsply, Dentsply **also** argues—again erroneously—that Plaintiffs also must not be allowed to

8

supplement the record with evidence that **was** part of the record in the Government's case. D.I. 283 at 11-12.

Dentsply argues that Plaintiffs must not be allowed to supplement the record with evidence that was part of the record in the Government's case—*i.e.*, the trial testimony of Dentsply's expert, the report and trial testimony of the Government's expert, and the trial testimony of the Senior Product Manager for Dentsply's tooth products—because, according to Dentsply's bizarre theory, "these materials are already part of the record for purposes of collateral estoppel." D.I. at 10.

Even assuming, *arguendo*, that the above referenced materials are "part of the record for purposes of collateral estoppel," as demonstrated, *supra*, in Part I(B)(1), in responding to a possible *sua sponte* grant of summary judgment to Dentsply, Plaintiffs are not limited to marshalling such evidence only "for purposes of collateral estoppel."[3]

Therefore, Plaintiffs are entitled to have all of the materials that they have submitted with this motion included in the summary judgment record herein, as evidence regarding the issue of whether Plaintiffs suffered antitrust injury, and without any regard to whether these materials were, or were not, part of any record in the Government's case.[4]

---

[3] Dentsply's assertion that "plaintiffs intend" to use the supplemental evidence to establish what "the Third Circuit held" (*see* D.I. 283 at 11) is utterly unsupported, and, frankly, ridiculous. Dentsply is not competent to read Plaintiffs' mind as to what Plaintiffs "intend" to argue on some other day, and what Plaintiffs might argue on some other day is irrelevant. What is relevant to this motion is that the evidence that Plaintiffs have requested to have added to the record raises a fact issue as to whether Plaintiffs suffered antitrust injury. No argument advanced by Dentsply in its Opposition Brief can deprive Plaintiffs of their right to supplement the summary judgment record with such evidence.

[4] The fact that Plaintiffs are requesting to supplement the record with evidence relevant to only one of the two alternative grounds on which the Order is based—namely, antitrust injury—is not any reason to deny Plaintiffs' request to supplement the record. Because it is possible that the Third Circuit could reverse the other alternative holding—regarding whether Plaintiffs can show entitlement to an injunction despite the existence of the Government's injunction—the

9

## II.

## **DENTSPLY IS *NOT* ENTITLED TO NOW DEPOSE PLAINTIFFS' EXPERT**

Dentsply asserts, without citing any relevant authority, that, if Plaintiffs' motion to supplement the record is granted, Dentsply is "entitled" to "cross-examine the plaintiffs' witnesses," including Plaintiffs' expert, Dr. Hartman.

Plaintiffs have no objection to Dentsply supplementing the record with any evidence **already** in Dentsply's possession. Indeed, during the Government's trial, Dentsply did examine the Government's expert, Dentsply's own expert, and the Senior Product Manager of Dentsply's tooth products, and those examinations by Dentsply are included in the trial transcripts filed by Plaintiffs in support of this motion. *See* D.I. 278 at Exhibit A (1544-1687, 3985-4071), Exhibit B (3524-3659, 3800-3814), & Exhibit C (458-61).

However, Dentsply is **not** entitled to now depose Plaintiffs' expert, Dr. Hartmann.

### A.    **Dentsply Has Failed to Meet the Requirements of Rule 56(f)**

First, under Fed. R. Civ. P. 56(f), a party may not be granted an opportunity to take more discovery regarding a motion for summary judgment, unless the party requesting such discovery supports such request with an affidavit. "A simple reference to the need for discovery in other motion papers is insufficient to meet the requirements for a Rule 56(f) motion." 11 James Wm. Moore et al., *Moore's Federal Practice*, § 56.10[8][a] (3d ed. 2007). Here, Dentsply has done

---

issue of antitrust injury remains "potentially dispositive." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244 (3d Cir. 2006) (ruling that every alternative holding is "potentially dispositive"); *see Washington v. RTC*, 68 F.3d 935, 936-37, 939-40 (5th cir. 1995) (where district court granted summary judgment on each of two alternative grounds, the second of which was granted *sua sponte*, reversing on the first ground, and remanding because the court had failed to give the losing party an opportunity to supplement, before granting summary judgment *sua sponte* on the second ground; *see also Ginter v. Swedish Match, AB*, 755 F. Supp. 545, 546-47 (E.D.N.Y. 1991) (on motion to reconsider denial of motion to dismiss, vacating one of two alternative grounds that supported the original denial).

nothing more than to assert in its opposition brief that it is "entitled" to "cross-examine" Dr. Hartman.

Second, when a party files an affidavit requesting, under Rule 56(f), to take additional discovery, the affidavit "must specify what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *City of Rome v. Glanton*, 958 F. Supp. 1026, 1039 (E.D. Pa.), *aff'd*, 133 F.3d 909 (3d Cir. 1997). Dentsply has not specified any of the information required by *City of Rome*, much less has it done so in any affidavit.[5]

### B.    Dentsply has had Adequate Opportunity to Supplement the Record with its Own Expert Testimony

On a motion for summary judgment, when one party files an affidavit, the customary response is for the opposing party is to file its own opposing affidavit. *See* Rule 56(c) (under the heading "Motion and Proceedings Thereon," stating that "[t]he adverse party prior to the day of hearing may serve opposing affidavits").

Moreover, on a motion for summary judgment, when one side submits the report of its expert, the customary response is for the opposing party to submit the report of its own expert.

Dentsply had the opportunity, in opposition to this motion, to request that the summary judgment record be supplemented with the report of its own expert, Dr. Marvel. *See* D.I. 115 (report of Dentsply's expert, Dr. Marvel).

---

[5] Dr. Hartman's expert report was served on Dentsply more than seven years ago, (*see* D.I. 120), and, more than seven years ago, it was submitted as part of the evidentiary appendix to Plaintiffs' brief in opposition to Dentsply's own motion for summary judgment (*see* D.I. 153 at B-13 to B-118). *See United States v. Dentsply Int'l, Inc.*, 2001 WL 624807, at *9 (D. Del. Mar. 30, 2001) (determining Dentsply's motions for summary judgment on the merits, in this case, as well as in the Government's case). Thus, Dentsply long ago had notice of Dr. Hartman's report and an opportunity to depose him. *See City of Rome*, 958 F. Supp. at 1039-40 (denying Rule 56(f) motion because "a large record has been produced to date," and "Defendants have not set forth reasons sufficient to justify a continuance to permit further discovery").

11

Nevertheless, Dentsply chose **not** to request that the record be supplemented with the report of Dentsply's own expert.

Moreover, **Plaintiffs** have filed Dr. Marvel's trial testimony as one of the papers in support of this motion. *See* D.I. 278 at Exhibit B.

In short, Dentsply has had, but did not take advantage of, the opportunity to makes its own customary supplementation of the record.[6]

Finally, any deposition of Plaintiffs' expert, taken now, would be unnecessary, burdensome and prejudicial to Plaintiffs.

Therefore, Dentsply is **not** entitled to now depose Plaintiffs' expert.[7]

---

[6] By asking the Court to grant it summary judgment, *sua sponte* (*see* D.I. 283 at 1 & 10) Dentsply, essentially, has filed a cross motion for summary judgment. "The courts have found that the filing of a cross-motion for summary judgment almost always indicates that the moving party was not prejudiced by a lack of discovery." 11 James Wm. Moore et al., *Moore's Federal Practice*, § 56.10[8][a] (3d ed. 2007).

[7] *Gardner v. State Farm Fire & Cas. Co.*, No. 05-1055, 2007 U.S. Dist. LEXIS 42471 at *17 n.4 (W.D. Pa. June 12, 2007), the only case cited by Dentsply (*see* D.I. 283 at 13), is utterly **irrelevant** to the issue of whether Dentsply may take more discovery. In *Gardner*, the court held nothing more than that, under the facts of that case, collateral estoppel did not preclude the defendant from "arguing" that the terms of an insurance policy were unambiguous. *Gardner* had nothing to do with the question of whether a party could take additional discovery, and, here, the reasons why Dentsply has no right to take additional discovery have nothing to do with either the presence or absence of collateral estoppel.

**CONCLUSION**

For the reasons stated herein, and in Plaintiffs' Opening Brief, Plaintiffs respectfully request that the Court issue an order amending the Order to reflect that the summary judgment record is supplemented by the evidence that Plaintiffs have cited in the Fact section of their Opening Brief, and to reflect any effect of such supplementation.

Dated: November 30, 2007

                                        Respectfully Submitted,

                                        CHIMICLES & TIKELLIS LLP

                                        /s/ Scott M. Tucker
                                        Pamela S. Tikellis (No. 2172)
                                        Robert J. Kriner, Jr. (No. 2546)
                                        Scott M. Tucker (No. 4925)
                                        One Rodney Square
                                        P.O. Box 1035
                                        Wilmington, Delaware 19801
                                        (302) 656-2500

                                             and

                                        LABATON SUCHAROW LLP
                                        Thomas A. Dubbs
                                        Richard T. Joffe
                                        140 Broadway
                                        New York, New York 10005
                                        (212) 907-0700

                                        Attorneys for Plaintiffs