IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HOWARD HESS DENTAL )
LABORATORIES INC. )
and PHILIP GUTTIEREZ d/b/a )
Dentures Plus, on behalf of )
themselves and all others )
similarly situated, )
)
    Plaintiffs, )
)
v. )    Civ. No. 99-255-SLR
)
DENTSPLY INTERNATIONAL, INC., )
)
    Defendant. )

---

JERSEY DENTAL LABORATORIES )
f/k/a Howard Hess Dental )
Laboratories Incorporated, )
and PHILIP GUTTIEREZ d/b/a )
Dentures Plus, on behalf of )
themselves and all others )
similarly situated, )
)
    Plaintiffs, )
)
v. )    Civ. No. 01-267-SLR
)
DENTSPLY INTERNATIONAL, INC., )
and named dental dealers, )
)
    Defendants. )

---

Pamela S. Tikellis, Esquire, Robert J. Kriner, Jr., Esquire, and Scott M. Tucker, Esquire of Chimicles & Tikellis LLP, Wilmington, Delaware. Counsel for Plaintiffs. Of Counsel: Thomas A. Dubbs, Esquire and Richard T. Joffe, Esquire of Labaton Sucharow & Rudoff LLP, New York, New York.

W. Harding Drane, Jr., Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware. Counsel for Defendants Accu Bite, Inc., Hendon Dental Supply, Inc. and Henry Schein Inc.

Darryl Anthony Parson, Esquire of Drinker Biddle & Reath LLP, Wilmington, Delaware. Counsel for Defendant Benco Dental Co.

Kurt M. Heyman, Esquire and Particia L. Enerio, Esquire of Proctor Heyman LLP, Wilmington, Delaware.  Counsel for Defendant Burkhart Dental Supply Co.

Henry E. Gallagher, Esquire of Connolly Bove Lodge & Hutz LLP, Wilmington, Delaware.  Counsel for Defendant Darby Dental Laboratory Supply Co., Inc.

William D. Johnston, Esquire and Christian Douglas Wright, Esquire of Young, Conaway, Stargatt & Taylor, LLP, Wilmington, Delaware.  Counsel for Defendant Dentsply International Inc.  Of Counsel: Margaret M. Zwisler, Esquire, Eric J. McCarthy, Esquire, and Amanda P. Biles, Esquire of Latham & Watkins LLP, Washington, D.C., and Brian M. Addison, Esquire, of Dentsply International Inc., York, Pennsylvania.

William J. Wade, Esquire of Richards, Layton & Finger, Wilmington, Delaware. Counsel for Defendant Patterson Dental Co.

James J. Maron, Esquire, and Antionette Hubbard, Esquire of Maron Marvel Bradley & Anderson, P.A., Wilmington, Delaware.  Counsel for Defendant Pearson Dental Supply, Inc.

---

## MEMORANDUM OPINION

January 8, 2008
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Pending before the court are several motions in two related cases. Plaintiffs
Howard Hess Dental Laboratories, Inc. ("Hess") and Philip Guttierez d/b/a Dentures
Plus ("Dentures Plus") filed an antitrust class action against Dentsply International, Inc.
("Dentsply") on April 21, 1999. Hess Dental Laboratories, et. al v. Dentsply
International Inc. ("Hess"), Civ. No. 99-255 (D.I. 1). Hess subsequently became Jersey
Dental Laboratories ("Jersey Dental") and, on April 24, 2001, the same plaintiffs filed an
antitrust class action against Dentsply and twenty-six dental dealers. Jersey Dental
Laboratories f/k/a Howard Hess Dental Laboratories, Inc. and Philip Guttierez d/b/a
Dentures Plus v. Dentsply et. al ("Jersey Dental"), Civ. No. 01-267 (D.I. 1). The court
has previously denied plaintiffs' motion for summary judgment in Hess. (Civ. No. 99-
255, D.I. 271[1]) By the same order, the court dismissed several of plaintiffs' counts in
Jersey Dental.[2] (Id.)

Currently before the court is plaintiffs' motion to supplement the record in Hess
and requesting that the court's most recent order be amended to reflect such

---

[1]Also found at Civ. No. 01-267, D.I. 315; 516 F.Supp.2d 324 (D. Del. 2007). For
ease of reference, the court will refer to its opinion as docketed in Hess.

[2]The remaining dealer defendants are: A. Leventhal & Sons, Inc.; Accubite
Dental Lab, Inc.; Addium Dental Products; Benco Dental Company; Burkhart Dental
Supply Company; Darby Dental Laboratory Supply Co., Inc.; Edentaldirect.com, Inc., as
successor to Crutcher Dental, Inc.; Hendon Dental Supply, Inc.; Henry Schein, Inc. and
its affiliates, including, without limitation, Zahn Dental Co., Inc.; Jahn Dental Supply
Company; Midway Dental Supply Inc.; Nashville Dental, Inc.; Patterson Dental
Company, its subsidiaries, predecessors, successors, assigns, affiliates, and related
companies; and Pearson Dental Supplies, Inc.. The court previously granted motions
to dismiss filed by several non-Delaware dealer defendants and defendant Nowak
Dental Supplies. (Civ. No. 01-267, D.I. 266, 274, 316)

supplementation. (Civ. No. 99-255, D.I. 274) In Jersey Dental, plaintiffs have moved for a certificate of appealability with respect to the dismissed claims and for a stay of proceedings during the pendency of any appeal. (Civ. No. 01-267, D.I. 318) For the following reasons, the court denies plaintiffs' motion to supplement the record in Hess. The court grants plaintiffs' motion requesting certification of the dismissed counts in Jersey Dental, and stays proceedings on plaintiffs' remaining claim pending any appeal.

## II. BACKGROUND

The procedural history of this action has been well documented in the court's prior opinions, and will be repeated here by way of summary. The Hess and Jersey Dental lawsuits are antitrust actions concerning a policy of Dentsply International Inc. ("Dentsply") called "Dealer Criterion 6," which was used by Dentsply, a leading manufacturer and distributor of dental products, to discourage dental dealers from carrying competitors' lines of artificial teeth. The first action to be filed concerning Dealer Criterion 6 was filed by the United States ("the government action") in 1999. (Civ. No. 99-005, D.I. 1) The result of this litigation was a judgment by the United States Court of Appeals for the Third Circuit that Dentsply violated section 2 of the Sherman Act;[3] this court entered injunctive relief in 2006 directing Dentsply to cease its use of Dealer Criterion 6 and other exclusionary practices. (Id., D.I. 559)

On April 21, 1999, plaintiffs filed their complaint in Hess in which only Dentsply was named as the defendant. (Id., D.I. 1) Plaintiffs alleged conspiracy to restrain trade, restraint of trade, and three violations of Section 2 of the Sherman Act:

---

[3]United States v. Dentsply Int'l, 399 F.3d 181 (3d Cir. 2005) ("Dentsply").

2

monopolization (count II); attempt to monopolize (count III); and conspiracy to monopolize (count IV). (Id.) The only remaining of these claims is plaintiffs' count II monopolization claim. (Id., D.I. 273) Plaintiffs sought both damages and injunctive relief for Dentsply's monopolization. (Id., D.I. 1 at ¶ 64)

The court previously granted Dentsply's motion for summary judgment in Hess on plaintiffs' damages claims, reasoning that plaintiffs did not have standing to pursue damages under Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977) ("Illinois Brick"). Plaintiffs subsequently filed Jersey Dental against Dentsply and its dental dealers, alleging Sherman Act violations arising from the same exclusive dealing arrangement, and seeking both damages and injunctive relief. (Civ. No. 01-267, D.I. 1) The court, again, found that plaintiffs could not recover damages from Dentsply under Illinois Brick, and dismissed the damages portion of plaintiffs' claims against Dentsply. (Id., D.I. 166,[4] 167)

Plaintiffs thereafter moved to amend the complaint in Jersey Dental in an attempt to overcome some of these deficiencies. The proposed amended complaint alleged, inter alia, that defendants have engaged in a retail price-fixing conspiracy. (Id., D.I. 170, exs. A & B) The court denied leave to amend, reasoning that plaintiffs' amended claims would not withstand a motion to dismiss. On a consolidated appeal, the Third Circuit affirmed the court's Illinois Brick rulings with one exception. See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, 424 F.3d 363, 384 (3d Cir. 2005). Plaintiffs are not permitted to recover damages from Dentsply in Hess (id. at 370-73); plaintiffs can

---

[4]Found at 180 F.Supp.2d 541 (D. Del. 2001).

proceed under the co-conspirator exception of Illinois Brick to pursue an action for overcharge damages caused by the alleged vertical price-fixing conspiracy in Jersey Dental. Id. at 378 & 384 n.19.

Plaintiffs' response to the Third Circuit's decision was to file an amended complaint in Jersey Dental which not only contained price fixing claims (count I), but also included section 2 group boycott and conspiracy to monopolize claims (counts II-V). On September 23, 2007, the court dismissed the Section 2 claims. (Civ. No. 99-255, D.I. 271) The court found plaintiffs barred from recovering damages pursuant to Illinois Brick (counts II & IV), and that plaintiffs cannot establish that they are entitled to a second injunction against Dentsply for the same conduct currently enjoined by the government's injunction (counts III & V). (Id.)

Concurrently, the court denied plaintiffs' motion for summary judgment in Hess. Plaintiffs argued that the Third Circuit's prior opinion in Dentsply collaterally estopped Dentsply from contesting its liability for monopoly maintenance in Hess. The court disagreed, insofar as monopoly maintenance claims require the demonstration of antitrust injury, whereas the prior litigated claims did not. (Id. at 13-16) Additionally, the court found that the record did not demonstrate why plaintiffs should be entitled to additional injunctive relief.[5] (Id. at 16-18)

On October 26, 2007, the parties stipulated to the dismissal of plaintiffs' remaining section 2 claims that were not the subject of plaintiffs' summary judgment motion. (Civ. No. 99-255, D.I. 273) Plaintiffs now move the court to supplement the

---

[5]The injunction granted in Dentsply is found at Civ. No. 99-005, D.I. 559.

4

record in Hess to provide information regarding its purported injuries (and to amend its prior summary judgment order to reflect such supplementation). (Id., D.I. 274) Plaintiffs do not submit any additional evidence regarding their purported entitlement to additional injunctive relief, directing the court to its previous arguments of record. (Id., D.I. 275 at 7 & n.4, citing D.I. 257 at 22-23) Plaintiffs "do not expect that the original determination in the [court's memorandum opinion] will be reversed" by any of its supplemental evidence, but seek to ripen the case for purposes of a consolidated appeal. (Id. at 8) Plaintiffs also move to certify the court's order dismissing its exclusive dealing claims in Jersey Dental for purposes of appeal. (Civ. No. 01-267, D.I. 318)

## III. LEGAL STANDARDS

### A. Motion for Reconsideration

Plaintiffs seek to introduce factual evidence of antitrust injury not before the court on summary judgment. Though captioned a "motion to supplement," plaintiffs' motion is more appropriately considered as a motion to reconsider the court's summary judgment opinion in view of this additional evidence.

Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990) (citing Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult for a movant to meet, and motions for reconsideration or reargument "shall be sparingly granted," D. Del. LR 7.1.5 (effective June 30, 2007).

5

The purpose of such motions is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may only alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See id. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made, see Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993), and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided," Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reconsideration, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (citations omitted).

### B. Certification as a Final Judgment

Rule 54(b) states, in pertinent part:

> When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). Although the decision whether to certify as a final judgment rests in the discretion of the trial court, see Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956), the Supreme Court in Curtiss-Wright Corp. v. General Electric Co., 446

6

U.S. 1 (1980), suggested two relevant factors a trial court should consider in deciding whether there is just reason for delay: (1) judicial administrative interests; and (2) the equities of the parties involved, see id. at 8. Consideration of judicial administration counsels against piecemeal review that would force appellate courts to decide the same issues on subsequent appeal. See id.

## IV. DISCUSSION

### A. Plaintiff's Motion to Supplement in Hess

By letter dated September 1, 2006, plaintiffs' counsel informed the court that the parties had agreed to proceed in Hess by briefing plaintiffs' proposed motion for summary judgment, which motion ultimately requested an injunction and related relief, "based on the fact that, in the government's case [Dentsply], Dentsply ha[d] already been found liable for the violation alleged by the Hess plaintiffs. See New York v. Julius Nasso Concrete Corp., 202 F.3d 82, 86 (2d Cir. 2000) (affirming summary judgment establishing defendant's antitrust liability, based on collateral estoppel)." (Civ. No. 99-255, D.I. 252) No discovery was taken; the record was limited to that reviewed by the Third Circuit in Dentsply.

The court denied plaintiffs' motion, in part because plaintiffs had not adequately explained why the government's injunction was insufficient to prevent Dentsply from engaging in anti-competitive practices. In its decision, the court observed that plaintiffs had only alleged that they were "threatened with loss or injury proximately resulting from the recurrence of Dentsply's exclusive dealing/monopoly maintenance" without pointing to any evidence of such in the record. (Civ. No. 99-255, D.I. 271 at 16-18) In

7

response, plaintiffs filed the instant motion to supplement the record with the expert report of Dr. Raymond S. Hartman, who opined that the "but-for" prices of Dentsply teeth would have been "34% to 53% lower" absent Dentsply's exclusive dealing practices during the period of 1987-1999. In total, Dr. Hartman calculated that, as a result of the artificial price increase resulting from Dentsply's exclusive dealing policy, the class-wide overcharges during this period "range from $225 million to $351 million," depending on what "but-for" scenario were applied.  (Civ. No. 99-255, D.I. 277 at A6, A42-53 (¶ 10(g), ¶ 43))

At this juncture, the Third Circuit has held that plaintiffs are not entitled to money damages (based on Illinois Brick) and this court has opined that plaintiffs have failed to demonstrate either that Dentsply is likely to further engage (either during or after the injunction imposed in Dentsply) in the anti-competitive conduct that is the subject of these related lawsuits or that plaintiffs would be specifically injured if Dentsply did so engage.[6]  While the evidence plaintiffs propose to add to the record could be relevant to their cause of action had they demonstrated that Dentsply is likely to re-engage in the violative conduct, it is irrelevant to the case as litigated by plaintiffs.  Therefore, the motion to supplement is denied.  As a consequence, there do not appear to be any further issues to resolve in this case.  Nevertheless, the parties, through their litigation strategies, have made it awkward procedurally to close the case for purposes of appellate review, Dentsply having failed to file either a motion to dismiss or a motion for summary judgment.  Accordingly, the court will order the parties to either enter a

---

[6]In other words, plaintiffs failed to prove their entitlement to additional injunctive relief.

8

stipulation or, if they are unable to come to agreement, to both submit proposed orders to accomplish closure of Hess, either through dismissal or through the entry of judgment.

## B. Plaintiff's Motion Requesting Certification of the Court's Order Dismissing Counts II-V in Jersey Dental

The dismissed claims of Hess and Jersey Dental involve the same exclusive dealing allegations. The procedural history of the cases is intertwined. Moreover, the court addressed plaintiffs' summary judgment motion on its exclusive dealing allegations in Hess in the same memorandum opinion as defendants' motions to dismiss the exclusive dealing claims in Jersey Dental; the Third Circuit will review the court's consolidated opinion.

Defendants premise their opposition to a consolidated appeal on the fact that they intend to file a motion to dismiss plaintiffs' remaining price fixing claim (count I), rendering appellate review of the section 2 exclusive dealing claims premature. (Civ. No. 01-267, D.I. 323 at 6, 9-15) Even assuming this to be the case, the issue presented in count I – whether plaintiffs have adequately pled their price fixing claim in view of the Supreme Court's recent precendent[7] – would not require an appellate panel to delve deeply into the history and/or disposition of the exclusive dealing counts. Having considered defendants' arguments, and finding them unpersuasive in this regard, the court finds no just reason to delay plaintiffs' appeal of the dismissals of

---

[7]Defendants assert that the Court's decisions in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), and Leegin Creative Leather Products, Inc. v. PSKS, Inc., 127 S.Ct. 2705 (2007), "dramatically altered the requirements for pleading a vertical resale price maintenance claim." (D.I. 323 at 10)

9

counts II-V.[8]

## V. CONCLUSION

For the aforementioned reasons, the court denies plaintiffs' motion to

supplement the record in Hess.  The court grants plaintiffs' motion requesting

certification of the dismissal of counts II-V in Jersey Dental.  Proceedings on count I will

be stayed pending any appeal.  An appropriate order shall issue.

---

[8]Having found the entry of final judgment appropriate under Rule 54(b), the court
need not address the parties' arguments under 28 U.S.C. § 1292(B).

10