IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD HESS DENTAL LABORATORIES INCORPORATED and PHILIP GUTTIEREZ d/b/a Dentures Plus, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>DENTSPLY INTERNATIONAL INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 99-255-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT DENTSPLY INTERNATIONAL INC.'S MOTION
TO DISMISS WITH PREJUDICE**

  Defendant Dentsply International Inc. ("Dentsply") hereby moves to dismiss with prejudice the complaint filed by plaintiffs Jersey Dental Laboratories f/k/a Howard Hess Dental Laboratories, Inc. and Philip Guttierez d/b/a Dentures Plus ("Plaintiffs"). Dentsply waives its opening brief and, in support of this Motion, states the following:

  1. On April 21, 1999, plaintiffs filed an antitrust case against Dentsply on behalf of themselves and a putative class of indirect purchasers of artificial teeth. *Howard Hess Dental Labs Inc. et al. v. Dentsply Internat'l, Inc.*, C.A. No. 99-255(SLR) (*Hess* D.I. 1). The complaint alleged that Dentsply's exclusive dealing policy violated the antitrust laws. (*Id.*) The complaint sought damages as well as injunctive relief. (*Id.*)

  2. On March 30, 2001, this Court granted Dentsply's motion for summary judgment. (D.I. 182.) The Court held that plaintiffs, as indirect purchasers of artificial teeth from Dentsply,

lacked standing under § 4 of the Clayton Act, 15 U.S.C. § 15(a), to bring their damages claim based on the rule established in *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977).

3. Plaintiffs appealed the *Hess* decision to the Third Circuit on May 24, 2004. The Third Circuit affirmed the dismissal of plaintiffs' damages claim. *Howard Hess Dental Labs. v. Dentsply Int'l Inc.*, 424 F.3d 363 (3d Cir. 2005).

4. On remand, on October 23, 2006, plaintiffs filed a motion for summary judgment. (D.I. 256.) Plaintiffs argued that they were entitled to injunctive relief that was broader than the injunctive relief that the government had already obtained against Dentsply. (*Id.*)

5. In a September 26, 2007 Memorandum Opinion (D.I. 271) and Order (D.I. 272), this Court held that plaintiffs were not entitled to any additional injunctive relief. As a result of the Court's order, plaintiffs are left without any right to relief.

6. On October 30, 2007, plaintiffs moved to supplement the record in *Hess* and for an order that would amend the Court's September 26, 2007 opinion to reflect the supplementation. (D.I. 274.)

7. In a January 8, 2008 Memorandum Opinion (D.I. 285) and Order (D.I. 286), the Court denied plaintiffs' motion to supplement the record. The Court observed that the case was in an "awkward procedural[]" position "for purposes of appellate review" because Dentsply had neither filed a motion to dismiss or a motion for summary judgment. (D.I. 285 at 8.) The Court instructed the parties, if they could not enter a stipulation, to "submit proposed orders to accomplish closure of *Hess*, either through dismissal or through entry of judgment." (*Id.* at 9.)

For the foregoing reasons, Dentsply requests that this Court dismiss the complaint in the above-captioned matter with prejudice.

|  |  |
|---|---|
| | Respectfully submitted, |
| Of Counsel: | Margaret M. Zwisler<br>Eric J. McCarthy |
| Brian M. Addison<br>DENTSPLY INTERNATIONAL INC.<br>Susquehannah Commerce Center<br>221 W. Philadelphia Street<br>York, PA 17405-0872<br>(717) 849-4363 | Amanda P. Reeves<br>LATHAM & WATKINS LLP<br>555 Eleventh St., NW, Suite 1000<br>Washington, DC 20004-1304<br>(202) 637-2200 |
| | /s/ Christian Douglas Wright<br>William D. Johnston. (No. 2123)<br>Christian Douglas Wright (No. 3554)<br>YOUNG CONAWAY STARGATT<br>  & TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391<br>(302) 571-6600<br>wjohnston@ycst.com<br>cwright@ycst.com |
| | Counsel for Dentsply International Inc. |
| | Date:  January 30, 2008 |